UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
MICHAEL NELSON,

        Plaintiff,

    -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DETECTIVE DAVID MONAHAN, Shield
No. 812; NEW YORK CITY POLICE OFFICE
LUIS CRUZ, Shield No. 28027; NEW YORK
CITY POLICE SERGEANT DANIEL COLLINS,
Shield No. 3031; JOHN DOES; RICHARD ROES,

        Defendants
- - - - - - - - - - - - - - - - - -X

AMENDED COMPLAINT

Plaintiff Demands
Trial By Jury

15 Civ. 10066 (LGS)

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiff, MICHAEL NELSON, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.   This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.   The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.   Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.   Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.   Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on November 5, 2014, within 90 days of the dismissal of the criminal charges against him. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

<u>**PARTIES**</u>

7.   Plaintiff was at all times relevant herein a resident of the State of New York, County of Queens.  Plaintiff is African-American.

8.   Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants MONAHAN, CRUZ, COLLINS, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants MONAHAN, CRUZ, COLLINS, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants MONAHAN, CRUZ, COLLINS, and JOHN DOES are sued individually.

10.   Defendants COLLINS and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants COLLINS and RICHARD ROES are and were at all times relevant herein acting under color of state law in the

4

course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants COLLINS and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.  On April 10, 2014, at approximately 5:00 a.m., Plaintiff was arrested at his home in the Bronx.

12.  Two JOHN DOES members of the NYPD had entered Plaintiff's apartment.

13.  One of the JOHN DOES woke Plaintiff up his bed to arrest him for his alleged involvement in a robbery that had allegedly occurred on January 15, 2014.

14.  The JOHN DOES told Plaintiff that they had a warrant for his arrest.

15.  There was, on information and belief, no warrant for Plaintiff's arrest.

16.  Plaintiff was arrested, on information and belief, solely on the basis of an NYPD "i-card" [an intra-departmental request for an individual to be picked up for either arrest or questioning], and without any warrant having issued for his

arrest.

17.  Plaintiff was placed into a van, brought to the NYPD 46th Precinct, and placed in a cell.

18.  At approximately 10:00 a.m. Plaintiff was brought to see, on information and belief, Defendant MOHAHAN.

19.  Defendant MONAHAN asked Plaintiff if Plaintiff knew why he was there, and Plaintiff responded that he did not know.

20.  Plaintiff – still not having been provided with an explanation for his arrest – was then placed back into a cell.

21.  Plaintiff was held at the 46th Precinct until approximately 4:00 p.m., and then taken to Central Booking.

22.  Plaintiff asked the JOHN DOES drivers of the transport vehicle to hurry up and let him out of the vehicle, as he was feeling a little bit claustrophobic and was having some difficulty breathing.

23.  The JOHN DOES drivers told Plaintiff to shut up.

24.  While at Central Booking Plaintiff was taken for an interview with, on information and belief, an Assistant District Attorney and another individual from the DA's office, who video-recorded the interview.

25.  Plaintiff was asked questions about a cell phone, and where he was on January 15, 2014.

26.  Plaintiff told the ADA that he did not know anything about whatever phone she was asking him about.

27.  At approximately 1:00 a.m. on April 11, 2014 Plaintiff

was brought before a Judge and arraigned.

28.  Bail was set at $30,000.

29.  A Criminal Court Complaint was signed by Defendant MONAHAN on April 11, 2014, which charged Plaintiff with Robbery in the 2nd and 3rd degrees, Petit Larceny, Criminal Possession of Stolen Property in the 5th Degree, and Endangering the Welfare of a Child.

30.  The Criminal Court Complaint states that Defendant MONAHAN is informed by an individual named R.E. – who was then two years and seven months old, according to the Criminal Court Complaint - that on January 15, 2014 Plaintiff was acting in concert with two unapprehended individuals, and that Plaintiff threatened R.E. and took his phone.

31.  On police paperwork R.E. is stated to have been 12 years old as of the date of the incident.

32.  Defendant MONAHAN identified Plaintiff as having been involved in this alleged robbery by showing a single photograph of Plaintiff to a complaining witness (on information and belief R.E.) on February 10, 2014, weeks following the alleged January 15, 2014 robbery.

33.  Defendant CRUZ is listed on police paperwork as the "Reporting / Investigating M.O.S. [member of service]."

34.  Defendant COLLINS co-signed, along with Defendant MONAHAN, a "Case Ready Checklist" as Defendant MONAHAN's supervisor, which was submitted to the District Attorney's office

in furtherance of Plaintiff's prosecution.

35.   Defendant COLLINS is also listed on the NYPD arrest report as the "Supervisor Approving."

36.   After bail was set, Plaintiff was sent to another holding cell at Central Booking, and then brought to Rikers Island.

37.   Plaintiff was held at Rikers Island and at the "the boat" (another New York City Department of Corrections jail facility in the Bronx) for the next approximately week and a half, until Plaintiff's bail was reduced to $5,000 and Plaintiff was able to make bail two days thereafter.

38.   Plaintiff made a number of court appearances until the false charges against him were dismissed in their entirely on the motion of the DA's office on October 6, 2014.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40.   By their conduct and actions in unlawfully entering plaintiff's home, violating rights to equal protection of plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, inflicting emotional distress upon plaintiff,

maliciously prosecuting plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants MONAHAN, CRUZ, COLLINS, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

41.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42.  The plaintiff incorporates by reference the

allegations set forth in all previous Paragraphs as if fully set forth herein.

43.   By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants COLLINS and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

44.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

45.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

46.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies,

10

practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47.  At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon young men of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

49.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of engaging in shoddy, deficient, and faulty identification procedures.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

50.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in arrests inside of people's homes without a warrant, based only on an i-card generated within the NYPD.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

52.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.   The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

54.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

55.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.   By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws

13

and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           June 13, 2016

                           /S/  Jeffrey A. Rothman
                        JEFFREY A. ROTHMAN, Esq.
                        315 Broadway, Suite 200
                        New York, New York 10007
                        (212) 227-2980
                        Attorney for Plaintiff